IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01271-EWN-BNB

PATRICK M. HAWKINSON,

Plaintiff,

v.

JAMES A. MONTOYA, and
JENELLE BORDEN, in their individual and official capacities,

Defendants.

## ORDER

This matter is before me on the **Letter** [Doc. # 106, filed 4/12/06], which I will construe as a motion to issue a subpoena (the "Motion").

The plaintiff, who is an incarcerated person proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915, requests an order directing the Clerk of the Court to issue a subpoena duces tecum without the necessity of testimony to Vicki Morlan, Clerk of the District Court of Bent County, Colorado. The requested subpoena commands the clerk of the state court to produce portions of transcripts of proceedings conducted in People v. Hawkinson, 04-CR-11, Bent County District Court, a state court criminal prosecution. Specifically, the plaintiff seeks to obtain a subpoena for the following materials:

>Entire Transcripts (w/ submitted exhibits) of:
>Bent County District Court
>Case No. 04CR11
>People v. Patrick Hawkinson
>for the dates of:  9/15/04
>    9/30/04
>    2/2/05
>    2/7/05 - 2/9/05.

Motion at p.2.  The requested subpoena also commands that the documents be delivered to the plaintiff at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Id.

In the Motion, the plaintiff emphasizes that he is proceeding *in forma pauperis* and requests that the subpoena be served free of charge by the United States Marshal.  Id. at p.1.  No arrangements are made for the payment of any costs associated with preparing or photocopying the transcripts.

At a hearing on the Motion, I questioned the plaintiff about the costs associated with the documents which the requested subpoena commands to be produced.  The plaintiff directed me to his *Memorandum of Plaintiff's Legal Authorities and Submitted Evidence for May 4, 2006 Telephonic Conference Re: Issuance of Subpoena in Civil Case* [Doc. # 110, filed 4/26/06] (the *"Memorandum"*), which states:

>[T]his Court should judicially note Plaintiff's filed and GRANTED
>Motion for Free Transcripts in the Bent County Case. . . .  In spite
>of the GRANTED motion the Clerk--Vicki Morlan--has failed to
>provide Plaintiff with any copies of the record including the
>transcripts.  Thus, **costs is not any issue** since Plaintiff was already
>granted and ordered to receive copies of the same transcripts
>requested in this matter without costs by the state court.

> THEREFORE, Vicki Morlan's compliance with the subpoena for
> the production of the transcripts is simply a matter of photocopying
> and forwarding the transcripts to the Plaintiff.

*Memorandum* at p.3 (emphasis in original).

The plaintiff also has attached to the *Memorandum* a copy of his Motion for Free Transcripts filed in the Bent County District Court in connection with his state criminal prosecution.[1] That motion sought the following relief from the Bent County District Court:

> THEREFORE, Defendant [Hawkinson] moves this court to order
> the Clerk of the Court and/or Court Administrator to prepare all
> transcripts and the entire record free of costs and expenses to the
> Defendant.
>
> FURTHER, Order the Clerk of the Court to forward a copy of the
> entire record, as cited in the Designation of Record, to the
> Defendant upon completion.

*Memorandum*, Exh.2 at p.1. The second page of the Motion for Free Transcript bears a stamp, indicating that the motion is "GRANTED," dated 8/9/05 and signed by the state district judge.

In essence, the subpoena is an indirect attempt to enforce the state court order granting the Motion for Free Transcript. Any attempt to enforce that order must be brought in the state courts and not here.

A civil litigant in a federal court action may subpoena documents from third parties, of course. To do so, however, the litigant must comply with the federal rules of civil procedure and with federal law. The plaintiff, who is proceeding *in forma pauperis*, is attempting to obtain

---

[1] The caption in the Motion for Free Transcripts bears the criminal case number **03**-CR-11. The Motion here and the requested subpoena all refer to the state court criminal case as case number **04**-CR-11.

copies of the state court transcripts free of charge. He has no right to obtain documents through discovery free of charge, however, his status as an *in forma pauperis* litigant notwithstanding. For example, in Windsor v. Martindale, 175 F.R.D. 665 (D. Colo. 1997), the court held that a state inmate bringing a federal action *pro se* and *in forma pauperis* "is not entitled to a copy of any document without payment of an appropriate copy cost, if required." Id. at 672. The issue arose in the Windsor case, as it arises here, in connection with documents sought to be obtained from a third party pursuant to a subpoena.

I will not order the Clerk of the Court to issue a subpoena commanding the production of documents from a third party until the plaintiff provides proof that he has made arrangements for the payment of any costs associated with the preparation or copying of those documents, or obtained the agreement of the third party to waive the payment of those costs. Accordingly:

IT IS ORDERED that the Motion is DENIED.

Dated May 4, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge