IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01271-EWN-BNB

PATRICK M. HAWKINSON,

    Plaintiff,

v.

JAMES A. MONTOYA,
R. LYNN KEENER,
ROBERT SCRANTON, and
ESTATE OF OPAL WILSON,
in their individual and official capacities,

    Defendants.

**ORDER CONCERNING MAGISTRATE JUDGE'S RECOMMENDATION**

This matter is before the court on the "Recommendation of United States Magistrate Judge" (#254) filed February 5, 2007. Both sides have objected to the recommendation. Defendants object to the recommended denial of their motion to dismiss Plaintiff's claim alleging interference with Plaintiff's right of access to the courts. They urge that the right of access to courts is limited to actions challenging the legality or conditions of Plaintiff's confinement and does not encompass the breach of contract claims which underlie Plaintiff's claims in this case. They also argue that, since Plaintiff had a lawyer, he cannot show that their actions caused him prejudice. They also object to the recommended failure to dismiss the retaliation claim, arguing

that Plaintiff's complaint fails to allege a retaliatory action. For his part, Plaintiff objects to recommended limits on his compensatory damages claim.

*Standard of Review*

The magistrate judge correctly articulated the standards by which a court is to evaluate (1) the pleadings of a *pro se* party and (2) a motion to dismiss. The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the matter before the court and magistrate judge is viewed as dispositive or non-dispositive. For dispositive motions, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the [recommendation] . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 2007); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

*Defendants' Objections*

In his complaint, Plaintiff alleges that one or more of the Defendants effectively prevented him from defending the default judgments which he had previously obtained in his actions for breach of contract cases in state court. They allegedly did so by placing him in punitive segregation for thirty days, by seizing legal documents from him, and by taking away his telephone privileges. They allegedly did so after consultation with Plaintiff's opponents in the breach of contract cases, with the express motive of hindering his pursuit of those cases. In his complaint, Plaintiff mentions nothing about a law library or assistance from someone trained in the

law.  Recognizing this, and relying on *dicta* in a published Tenth Circuit decision, the magistrate judge reasoned:

> It is not the prisoner's constitutional right of access to the courts that is limited to direct appeals, habeas petitions, and civil rights actions.  Rather, it is the state's obligation to provide assistance that is limited to these types of legal matters:
>
>> A state's affirmative obligation to assure its inmates access to the courts through legal assistance requires it to provide persons trained in the law to aid inmates in the preparation of state or federal petitions for writs of habeas corpus or initial pleadings in civil rights actions challenging conditions of current confinement.  Other than habeas corpus or civil rights actions regarding current confinement, a state has no affirmative constitutional obligation to assist inmates in general civil matters.  ***Although a state has no affirmative duty to assist an inmate in other civil matters, the state may not erect barriers that impede the right of access of incarcerated persons***.
>
> *Carper v. DeLand*, 54 F.3d 613, 61617 (10th Cir. 1995) (internal quotations and citations omitted) (emphasis added).

In response to the magistrate judge's recommendation, ignoring the language quoted above, Defendants repeat that access to the courts does not encompass any actions other than habeas corpus cases or civil rights actions challenging the conditions of confinement.  They rely on a series of unpublished Tenth Circuit cases, attached to their objections.  The court has examined all of these cases.  Setting to one side questions as to the propriety of relying on unpublished orders, the court notes that (1) they either do not bear on the issue at all (Exhibits A, D) or (2) support the magistrate judge's position, not Defendants', because they were cases where the prisoner alleged denial of court access by inadequate library facilities or inadequate assistance by persons trained in the law (Exhibits B, C, E).  The court agrees with the magistrate

judge and the *dicta* in *Carper*. While Defendants need not have provided Plaintiff with library facilities or persons trained in the law to assist him in pursuing his breach of contract claims, they may not erect barriers or purposely thwart him with the very purpose of hindering his access to the courts.

Defendants' contention that Plaintiff was not prejudiced because he had an attorney to pursue his claims begs the question. Even if a party has an attorney, his case can as easily be burdened if he is prevented from contacting his attorney to defend the case as if he is prevented from pursuing the case himself. The court agrees that the claim alleging denial of access to the courts can go forward in these circumstances.

Defendants also question the proposed resolution of the retaliation claim. They argue that the complaint itself supplies a non-retaliatory explanation for their actions. This is both a misreading of the complaint and a misapplication of the standard of review. Taking the allegations of the complaint in a light most favorable to Plaintiff, he has plainly alleged that Defendants' actions were taken in retaliation for his filing the breach of contract suits and for the express purpose of hindering his pursuit of those actions. This is sufficient.

### *Plaintiff's Objections*

Plaintiff does not allege a physical injury resulting from Defendants' actions. He also seeks no mental or emotional damage. He claims, rather, that his state court breach of contract claims had resulted in default judgments in his favor. The judgments allegedly amounted to $70,000. The damages claim which Plaintiff asserts here is that Defendants' alleged interference with his rights to access the courts caused him to lose the default judgments and damaged him in

the amount of $70,000.  The magistrate judge recommends that Plaintiff be barred from seeking these compensatory damages, because he has admittedly not alleged a physical injury.

The pertinent provisions of the Prisoner Litigation Reform Act state:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

The court cannot accept the interpretation of this seemingly clear language advanced by Defendants and accepted by the magistrate judge.  While it is unquestioned that the statute applies to first amendment claims, *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001), that is not the issue here.  The issue is whether the statute even applies.  It plainly does not.  Plaintiff does not bring "an action . . . for mental or emotional injury."  Therefore, the limitation imposed — a prior showing of physical injury — cannot apply either.   Defendants and the magistrate judge read the section as prohibiting a prisoner from recovering compensatory damages of any type unless he has suffered a physical injury.  None of the cases cited supports such an extra-textual reading of the statute, and the court declines to adopt it.

In accordance with the findings and conclusions set forth herein, it is

**ORDERED** as follows:

1. The recommendation (#254) is ACCEPTED in part and REJECTED in part.

2.  The motion to dismiss (#147) is DENIED.

DATED this 12th day of March, 2007.

                                        BY THE COURT:

                                        s/ Edward W. Nottingham
                                        EDWARD W. NOTTINGHAM
                                        United States District Judge