IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01271-EWN-BNB

PATRICK M. HAWKINSON,

    Plaintiff,

v.

JAMES A. MONTOYA,
R. LYNN KEENER,
ROBERT SCRANTON, and
ESTATE OF OPAL WILSON,
in their individual and official capacities,

    Defendants.

## ORDER CONCERNING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the court on Plaintiff's motion for summary judgment (#177). The court has reviewed the motion and the eighteen attached voluminous exhibits. The motion must be denied for two reasons. First, the exhibits themselves disclose the existence of numerous disputed facts, most of them revolving around the alleged fraudulent nature of Plaintiff's underlying judgments and the causal connection between actions of Defendants and the setting aside of those judgments. Second, Plaintiff's request is procedurally improper under Fed. R. Civ. P. 56. A close review of the requested relief ("VI. REQUESTED ACTIONS") discloses a laundry list of discrete issues on which Plaintiff asks the court to enter a judgment that Plaintiff

has won the issue. Such a list is unwarranted under Rule 56. There is no such thing as a motion under Rule 56(c). *See* Fed. R. Civ. P. 56(c) (2006) (furnishing the standard for summary judgment as well as deadlines for summary judgment proceedings); *SFM Corp. v. Sunstrand Corp.*, 102 F.R.D. 555, 558 (D. Ill. 1984) ("[S]ummary judgment motions must be brought pursuant to Rule 56(a) or 56(b). . . ."). Only one sentence in Rule 56(c) might *appear* to authorize a party to move thereunder: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." Fed. R. Civ. P. 56(c). Even if this were a case in which only damages were truly at issue — neither party so argues — Rule 56(c) does not entitle a party to move for such judgment. *Id.*; *cf. id.* 56(a) ("A party seeking to recover on a claim . . . may . . . *move* . . . for a summary judgment.") (emphasis added); *id.* 56(b) ("A party against whom a claim . . . is asserted . . . may . . . *move* . . . for a summary judgment.") (emphasis added).

Assuming Plaintiff intended to move under Rule 56(d), such a motion would have been inappropriate. Rule 56(d) provides:

> If on motion under this rule judgment is not rendered upon . . . all the relief asked and a trial is necessary, the court at the hearing of the motion . . . shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.

*Id.* 56(d). A Rule 56 movant may, however, "ask the court for judgment on less than an entire claim [pursuant to Rule 56(d)] only in the wake of a full-blown motion under either Rule 56(a) or Rule 56(b)." *Kendall McGaw Labs., Inc. v. Cmty. Mem'l Hosp.*, 125 F.R.D. 420, 421 (D. N.J. 1989); *accord* 10B CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL

§ 2737 (3d ed. 1998) (noting that Rule 56(d) procedure does not stand alone, but is "ancillary to a motion for summary judgment"); *see also Warner v. United States*, 698 F. Supp. 877, 878 (S.D. Fla. 1988) ("A party may not make an independent Rule 56(d) motion."); *SFM Corp.*, 102 F.R.D. at 558 ("THERE IS NO SUCH THING AS A RULE 56(d) MOTION.") (emphasis in original).

Finally, although subsections (a) and (b) of Rule 56 allow a motion on a claim "or any part thereof," such language arises from the simple need for consistency with a court's ability to enter an interlocutory judgment under subsection (d). *Kendall McGaw Labs.*, 125 F.R.D. at 422; *see* Fed. R. Civ. P. 56(d). Thus, a motion such as Plaintiff's, which seeks to resolve only specified issues relevant to his claims, is entirely inappropriate under *any provision* of Rule 56. *See Capitol Records, Inc. v. Progress Record Distrib., Inc.*, 106 F.R.D. 25, 28 (D. Ill. 1985) (holding that motion for partial summary judgment which sought judgment "as to less than a single claim" was improper); *accord Coffman v. Fed. Labs., Inc.*, 171 F.2d 94, 98 (3d Cir. 1949) ("[Rule 56] does not contemplate a summary judgment for a portion of a single claim in a suit.") (internal quotation and citation omitted); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216 (7th Cir. 1946) (same); *United States v. Fifty-Seven Thousand, Four Hundred and Forty-Three Dollars*, 42 F. Supp. 2d 1293, 1299 n.7 (S.D. Fla. 1999) (holding that a court may not enter summary judgment on a portion of a claim, such as probable cause); *Kendall McGaw Labs.*, 125 F.R.D. at 421 ("Summary judgment may be had as to one claim among many, but it is well settled that neither subsection [(a) nor (b)] allows such a judgment as to one portion of a claim."); *Bonda's Veevoederfabriek, Provimi, B.V. v. Provimi, Inc.*, 425 F. Supp. 1034, 1036 (E.D. Wis. 1976) (same).

In accordance with the foregoing findings and conclusions, it is

**ORDERED** as follows:

1.      Plaintiff's motion for summary judgment (#177) is DENIED.

2.      The court will hold a Final Pretrial Conference commencing at 3:15 o'clock p.m. on Friday, April 20, 2007, in Courtroom A1001 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  In preparing for and participating in the conference, the parties and counsel will (1) follow the Instructions for Preparation and Submission of Final Pretrial Order, a copy of which can be downloaded from the court's web site, specifically http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord_ins.pdf and (2) utilize the specific template located at http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord.wpd  These specific web addresses should be used to insure that the proper format is observed.

3.      The Department of Corrections shall arrange for Plaintiff Patrick Hawkinson to attend the final pretrial conference by telephone or video conference.

4.      The clerk will forthwith mail a copy of these materials to Plaintiff.

Dated this 12th day of March, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge