IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01271-EWN-BNB

PATRICK M. HAWKINSON,

Plaintiff,

v.

JAMES A. MONTOYA, and
JENELLE BORDEN, in their individual capacities,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff, who is proceeding *in forma pauperis*, has failed to comply with the Court's orders that he make monthly payments in partial satisfaction of the filing fee or show cause why he cannot make such payments. As a consequence, I respectfully RECOMMEND that this case be DISMISSED WITHOUT PREJUDICE.

The plaintiff is an inmate in the Arkansas Valley Correctional Facility. On July 21, 2004, he was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Section 1915 allows an indigent prisoner to bring an action without prepayment of filing fees. Id. at §1915(a)(1). The prisoner is required, however, to pay an initial partial filing fee and thereafter to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," until the full filing fee is satisfied. Id. at §1915(b)(1) and (2). This

requirement is designed to deter frivolous prisoner litigation.  E.g., Williams v. Roberts, 116 F.3d

1126, 1127-28 (5th Cir. 1997).

    The order granting the plaintiff leave to proceed *in forma pauperis* states:

> FURTHER ORDERED that the plaintiff shall pay an initial partial
> filing fee of $12.00.  Plaintiff shall have thirty (30) days from the
> date of this order in which to have the designated fee sent to the
> clerk of the court or show cause why he has no assets and no means
> by which to pay the designated initial partial filing fee.  In order to
> show cause, the plaintiff must file a current certified copy of his
> trust fund account statement. . . .

> FURTHER ORDERED that, after payment of the initial partial
> filing fee, the plaintiff shall be required to make monthly payments
> of twenty percent (20%) of the preceding month's income credited
> to his trust fund account or show cause each month as directed
> above why he has no assets and no means by which to make the
> monthly payment. . . .

> FURTHER ORDERED that if within the time allowed the plaintiff
> fails to have the designated initial partial filing fee or monthly
> payments sent to the clerk of the court or to show cause as directed
> above why he has no assets and no means by which to pay the
> designated initial partial filing fee or make the monthly payments,
> the Prisoner Complaint will be dismissed without prejudice without
> further notice. . . .

*Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed*

*Pursuant to 28 U.S.C. § 1915* [Doc. # 2, filed 6/21/2004] at pp. 2-3.

    Consistent with that order, if the plaintiff has no income with which to make a particular

month's filing fee payment, he may avoid making that payment by filing a certified copy of his

inmate trust fund account statement demonstrating his lack of funds, together with an explanation

of why he has no assets or means by which to make the payment.  If the plaintiff fails to make a

required monthly payment or fails to file an account statement showing that he cannot make that payment, the complaint may be dismissed.

On July 16, 2004, the plaintiff was allowed to proceed without paying his initial partial filing fee.  However, he was warned that he must make monthly payments toward the filing fee or show cause each month why he cannot, and that failure to do so could result in dismissal of his case:

> FURTHER ORDERED that until the $150.00 filing fee is paid in full, Mr. Hawkinson shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. . . .

> FURTHER ORDERED that if Mr. Hawkinson fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice.

*Order Allowing Plaintiff to Proceed Without Payment of Initial Partial Filing Fee* [Doc. # 5, filed 7/16/2004] at pp. 2-3.

On January 19, 2007, I discharged an order to show cause why this action should not be dismissed for failure to make the monthly filing fee payments or to show cause. *Order* [Doc. # 248, filed 1/19/2007].  In doing so, however, I warned the plaintiff that he must make the required filing fee payment by the 15th day of each month thereafter or show cause why he cannot make the payment. Id.  The plaintiff has failed either to make the monthly filing fee payment for the months of May and June 2007, and has failed to show cause why he cannot make such a payment.

In <u>Cosby v. Meadors</u>, 351 F.3d 1324 (10th Cir. 2003), the Tenth Circuit Court of Appeals

addressed the issue of the failure of a civil rights plaintiff to comply with a district court's orders

to make partial payments towards his filing fee or to show cause why he could not do so.  In

affirming the district court's order dismissing the case, the circuit court began its analysis by

noting:

> The issue here is not money per se. . . .  The issue, rather, is respect
> for the judicial process and the law.  Plaintiff must lose his right to
> pursue his claim in court because of his utter unwillingness to make
> the minor sacrifices required by statute and by the repeated
> directives of a patient district court.
>
>     *   *   *
>
> These fee provisions are intended to reduce frivolous prisoner
> litigation by making all prisoners seeking to bring lawsuits or
> appeals feel the deterrent effect created by liability for filing fees.

<u>Id</u>. at 1326-27 (internal citations and quotations omitted).  Although the misconduct reported in

the <u>Cosby</u> case was substantially more egregious than the misconduct here, the circuit court noted

that its "review of Plaintiff's egregious misconduct should not be interpreted as suggesting that

equally egregious misconduct is necessary to justify dismissal with prejudice."  <u>Id</u>. at 1334.

The plaintiff here has failed to comply with the Court's orders of June 21, 2004; July 16,

2004; January 16, 2007; and January 19, 2007, all requiring the plaintiff either to make a monthly

filing fee payment or to show cause why he cannot.  Local rule of practice 41.1,

D.C.COLO.LCivR, states:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or
> any court order.  If good cause is not shown within the time set in

the show cause order, a district judge may enter an order of
dismissal with or without prejudice.

Before recommending dismissal of a case under Fed. R. Civ. P. 41(b), I must consider and

address the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which

include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference

with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in

advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective.

See Cosby, 351 F.3d at 1333.

I find that any prejudice suffered by the defendant as a result of the plaintiff's failure to

comply with the Court's orders is minimal and, without more, would be insufficient to warrant

dismissal.[1]  See Ehrenhaus, 965 F.2d at 921.

With regard to the second factor, the plaintiff's continued failure to comply with Court

orders has caused disruption in my docket.  Rather than attending to the merits of this case and

other cases, I have been required to devote attention to this plaintiff's failure to comply with

Court orders and §1915(b).  In addition, as noted in the Cosby case, the plaintiff's failure to

comply with his obligation to make payments or show cause demonstrates a lack of respect for

the judicial process and the law; it undermines the uniform application of the rules towards *in*

*forma pauperis* litigants, many of whom comply with their obligations; and it substantially

---

[1] I do note, however, that the purpose behind requiring prisoners to pay their filing fees is
to deter frivolous prisoner litigation.  Williams, 116 F.3d at 1127-28.   Defendants, like the courts,
are burdened by frivolous civil rights cases.  Thus, civil rights defendants certainly are affected by
noncompliance with filing rules that seek to decrease frivolous litigation.

interferes with the ability of the Court to exercise its case administration authority.  Where, as here, a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, I find that the plaintiff alone is responsible for his noncompliance.

The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment or reporting requirements. For example, as recently as January 16, 2007 [Doc. # 245], I warned the plaintiff that his failure to pay or show cause by the 15th day of each month would result in a recommendation that the case be dismissed.  Id. at p.2.

Finally, I conclude that no sanction less than dismissal would be effective.  The plaintiff is proceeding *in forma pauperis*; consequently a monetary sanction would be ineffective.  Because the injury from the plaintiff's failures to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct.  Under these circumstances, I am convinced that dismissal of this case without prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment, all as directed by the Court's orders of  June 21, 2004; July 16, 2004; January 16, 2007; and January 19, 2007.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 26, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

7