IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 04–cv–01271-EWN-BNB

PATRICK M. HAWKINSON,

    Plaintiff,

v.

JAMES A. MONTOYA,
R. LYNN KEENER,
ROBERT SCRANTON, and
ESTATE OF OPAL WILSON,
in their individual and official capacities,

    Defendants.

---

### ORDER ACCEPTING RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

---

    This matter comes before the court on the magistrate judge's recommendation (#316, filed June 6, 2007) that Plaintiff's complaint be dismissed without prejudice. The magistrate judge makes this recommendation because Plaintiff failed to comply with numerous lawful court orders to either (1) make partial monthly payments on his filing fee or (2) show cause why he cannot make such a payment. The magistrate judge documents persistent failures as evidenced by entry of previous orders on June 21, 2004, July 16, 2004, January 16, 2007, and January 19, 2007.

    Plaintiff has objected to the recommendation in filings dated July 3, 2007 (#321) and July 6, 2007 (#322). Neither objection contends or demonstrates that the magistrate judge's factual contentions concerning past defalcations are inaccurate. Nor is it contended that the magistrate judge's legal analysis is incorrect. Instead, Plaintiff has simply provided a copy of an *uncertified* document which appears to be his prisoner trust fund account statement for the period

commencing May 29, 2007 and ending June 29, 2007. This appears to demonstrate a negative balance in the account.

For dispositive matters such as dismissal of a case, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the [recommendation] . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 2007); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Where specific factual findings are challenged, the district court must consider the actual testimony and not merely review the magistrate judge's report and recommendations. *Gee v. Estes*, 829 F.2d 1005, 1009 (10th Cir. 1987). "[W]hen a party objects to factual findings based upon conflicting evidence or testimony, the district court must indicate that it is conducting a *de novo* determination rather than review under the 'clearly erroneous' standard." *Id*. (citing *Aluminum Co. of Am. v. United States Environmental Protection Agency*, 663 F.2d 499, 502 [4th Cir. 1981]).

Here, Plaintiff has not really objected to the recommendation at all. Instead, as he has done before, he attempts to comply with the order by belatedly submitting a statement which does not really conform to the requirements of the previous orders. Specifically, the pattern is that, after the magistrate judge has expended time and effort in seeking compliance, Plaintiff has filed an *uncertified* copy of a statement, whereas the order required a *certified* copy. Further, he has supplied such a copy for the month of June only. There is nothing for July, and it is now well into August. Evidently, Plaintiff thinks the magistrate judge or this court will simply ignore his non-compliance. This court does not intend to do so. The requirement of a certified statement showing an inability to pay is a simple requirement. Other inmates comply without incident, and there is no plausible reason for Plaintiff's persistent non-compliance. Plaintiff cannot defiantly flout court orders without consequence to his case, and the magistrate judge has recommended an appropriate consequence. It is therefore

**ORDERED** as follows:

1. The magistrate judge's recommendation is ACCEPTED.

2. This case is hereby DISMISSED without prejudice.

3. All pending motions are DENIED as moot. The trial and hearing dates and all deadlines are VACATED.

Dated this 16th day of August, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge